Corrected Opinion Filed 9/21/23 by Clerk of the Supreme Court

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 169

In the Matter of the Application for

Disciplinary Action Against Garrett

Slyva, a member of the the Bar of

the State of North Dakota

----------

Disciplinary Board of the Supreme Court

of the State of North Dakota,                                      Petitioner

    v.

Garrett Slyva,                                                              Respondent

### No. 20230232

Application for Discipline.

REPRIMAND ORDERED.

**Per Curiam.**

[¶1]   The Court has before it the findings of fact, conclusions of law, and recommendations of a hearing panel of the Disciplinary Board recommending Garrett Slyva be reprimanded by this Court and pay the costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We accept the hearing panel's findings, conclusions, and recommendations.

[¶2]   Slyva was admitted to practice law in North Dakota on November 25, 2020. The record reflects that a summons and petition for discipline were filed

1

and served on Slyva by certified mail. Slyva was represented by counsel and a hearing was held January 10, 2023.

[¶3]   Slyva worked for the Fargo Public Defender's office from January 2021 to February 2022. Approximately two months before the conduct in this matter, Slyva put his arm around a client at the jail. At the hearing, Slyva admitted his action was a foolish decision and that his conduct was inappropriate. Slyva's supervisor testified that jail officials investigated this interaction and determined no crime had taken place. His supervisor also testified that as a result of this incident, the Public Defender's office prohibited Slyva from having that type of face-to-face in-person meeting with any clients. He was permitted to have in-person meetings with a glass partition between him and the client.

[¶4]   Despite this restriction, Slyva had the same type of face-to-face in-person visit with the client in this matter and other clients on February 9, 2022 at the Cass County jail. The client was uncomfortable because of Slyva's questions about her relationship status and because he asked her on a date. He told the client that their conversation should "stay here because I have control of your next court date." Slyva denied asking her on a date and claimed she misunderstood him.

[¶5]   Because the client was uncomfortable with Slyva, she asked the corrections deputies to listen to her phone calls with Slyva. She also filed a statement about the incident with the jail. Jail officials investigated the interaction and determined no crime had taken place. Slyva's supervisor at the Public Defender office testified the physical contact with a female client was inappropriate and alarming because it was a female client who was incarcerated, and therefore, vulnerable. The Public Defender's office terminated Slyva shortly after it learned of this incident. Based on the testimony, the hearing panel concluded the client's testimony regarding the visit and the questions asked during the visit was credible.

[¶6]   At the client's next hearing, she was released from jail. Therefore, the hearing panel concluded the client did not suffer a substantial or otherwise

2

serious injury as a result of Slyva's conduct. The hearing panel concluded Slyva's conduct violated N.D.R. Prof. Conduct 1.7(a), Conflict of Interest: General Rule, by putting his personal interests in a romantic relationship over the client's interest in resolving the criminal matter.

[¶7] When considering an appropriate sanction, the hearing panel considered the aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22 of a selfish motive and the vulnerability of the victim. It also considered mitigating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22 of an absence of prior disciplinary record, a full and free disclosure to Disciplinary Board or cooperative attitude toward proceedings, inexperience in the practice of law, and imposition of other penalties or sanctions. The hearing panel recommended Slyva be reprimanded by the Supreme Court. It also recommended Slyva pay the costs and expenses of these disciplinary proceedings in the amount of $5,961.

[¶8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the hearing panel's findings of fact, conclusions of law and recommendations were due within 20 days of the service of the report of the hearing panel. No objections were received. We considered the matter, and

[¶9] ORDER, that the findings, conclusions, and recommendation for discipline are accepted.

[¶10] IT IS FURTHER ORDERED, that Garrett Slyva is reprimanded.

[¶11] IT IS FURTHER ORDERED, that Slyva pay the costs and expenses of these disciplinary proceedings in the amount of $5,961 within 30 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505-0530.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr